MICHAEL J. HEYMAN
United States Attorney

MAC CAILLE PETURSSON
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: mac.caille.petursson@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>EDWARD LOUIS EHLERT,<br><br>Defendant. | No. 3:25-mj-00540-KFR |

**MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION**

COMES NOW the United States to proffer for the Court the reasons why the Court

should order the defendant's pretrial detention. See *United States v. Winsor*, 785 F.2d 755,

756 (9th Cir. 1986) ("[T]he government may proceed in a detention hearing by proffer or

hearsay."). The government is entitled to a detention hearing pursuant to

18 U.S.C. § 3142(f)(1)(E). There is a rebuttable presumption in this case and the

government seeks detention pursuant to 18 U.S.C. § 3142(e)(3)(E). As explained below,

the Defendant poses a significant danger to this community and a risk of non-appearance,

and this Court should find that there are no conditions of release that can adequately mitigate these risks.

## FACTS

On August 27, 2025, Defendant, Edward Louis Ehlert, chatted on social media with someone he believed to be a 14-year-old girl. He sent her sexually explicit material and requested that she send him naked photos as well. He described in explicit detail the sexual acts he would perform on her and, in no uncertain terms, asked her to have sex with him. He knew her age and he knew the risks that he faced. He was afraid there were "cops on jber setting something up" and confirmed she was real by talking to her on the phone that night. He arranged to meet at the park on JBER, he drove onto base and circled around the park looking for the minor. He was subsequently arrested and charged by Complaint. He admitted chatting with the minor and that his intent was to have sex with her.

The government is unaware of any release plan at this time.

## ARGUMENT

The United States requests a detention hearing because the Defendant has been charged with a felony that "involves a minor victim." 18 U.S.C. § 3142(f)(1)(E). Pursuant to § 3142(g), the Court must determine whether there are any "conditions of release that will reasonably assure the appearance of [the Defendant] as required and the safety of any other person and the community." When making this determination, the Court should consider (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the Defendant's history and characteristics, and (4) the nature and seriousness of the danger to the community posed by the Defendant's release. *See* 18 U.S.C. § 3142(g).

The government bears the burden of proving that the Defendant is a risk of flight by a preponderance of the evidence and that he is a danger to the community by clear and convincing evidence. *See United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).

## 1. There is a presumption of detention based on the nature of the charges

Because the defendant is charged with attempted Coercion and Enticement of a Minor, the Court begins its analysis by presuming that no condition or combination of conditions will reasonably ensure the defendant's appearance at trial or the safety of the community. 18 U.S.C. § 3142(e)(3)(E). Even if the defendant does rebut this presumption, it "remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in [18 U.S.C.] § 3142(g)." *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008) (quoting *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986)).

## 2. The statutory factors weigh in favor of detention

In assessing whether pretrial release or detention is appropriate, Congress has specified factors that should guide the Court's inquiry. Weighing these factors in this case supports the conclusion that pretrial detention is appropriate.

### 2.1. The nature and circumstances of the offense charged

Ehlert chatted with someone he believed to be minor for a matter of hours before driving to meet the minor for sex. The speed in which he found a minor, came up with a plan, and put that plan into action is extremely concerning and dangerous – and all it took was a cellphone.

The speed and ease in which Ehlert found a target and put his plan into action shows

the extreme danger that he poses to the local community, as well as to minors across the world online with the requests for photos he was making and the obscene material he sent to someone he believed to a minor.

This factor weighs heavily in favor of detention.

## 2.2. The weight of the evidence against the person

The weight of the evidence, though the least important factor for the Court to consider, is very strong. Ehlert used his phone to coerce and entice a minor. That phone is now is law enforcements possession, pending a search warrant and extraction. Law enforcement recorded and viewed first-hand the messages Ehlert sent and watched him arrive at the predetermined meet location. Law enforcement also heard him talking to the minor on the phone. He admitted his conduct and that he drove there for the purpose of having sex with a minor.

This factor weighs heavily in favor of detention.

## 2.3. The nature and seriousness of the danger to any person or the community

The Defendant poses a serious risk to the children he victimizes over social media, as well as to minors close to him or minors he may come into contact with throughout the day. Defendant's release plan is unknown, however, whether it be release back to his residence or to a transitional living facility or treatment facility, none of those plans would ensure the safety of the community or Defendant's appearance.

Defendant lives alone and law enforcement is not aware of any family or ties he has in the community. Release back to the same residence without any supervision would pose a serious danger to the community, especially given that he lives in very close proximity

*U.S. v. Ehlert*
3:25-mj-00540-KFR                          Page 4 of 6
Case 3:25-mj-00540-KFR     Document 13     Filed 09/07/25     Page 4 of 6

to a handful of schools. If he were to propose release to a transitional living facility or treatment facility, the community would still be in danger given the ease in which a person can obtain internet-capable devices or access the internet, even if prohibited from doing so. Defendant has already demonstrated that he absolutely cannot be trusted on the internet or if left to his own devices. He has made it clear that he can and will act on his impulses, which puts the community in danger. Additionally, given that he has no known ties to the community, his risk of non-appearance, especially now that he faces a 10 year mandatory minimum sentence, is exceedingly high.

This factor weighs in favor of detention.

## CONCLUSION

No matter how restrictive, all sets of release conditions "contain one critical flaw. In order to be effective, they depend on [the defendant's] good faith compliance." *Hir*, 517 F.3d at 1092 (citing *United States v. Tortora*, 922 F.2d 880, 886 (1st Cir. 1990)). The record here gives little basis to conclude that the Court can expect to see such good faith compliance here. Accordingly, the government asks the Court to enter an order for pretrial detention.

RESPECTFULLY SUBMITTED September 7, 2025 at Anchorage, Alaska.

MICHAEL J. HEYMAN
United States Attorney

*s/ Mac Caille Petursson*
MAC CAILLE PETURSSON
Assistant United States Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on September 7, 2025 a true and correct copy of the foregoing was served electronically on all counsel of record.

*s/ Mac Caille Petursson*

*U.S. v. Ehlert*
3:25-mj-00540-KFR                    Page 6 of 6
Case 3:25-mj-00540-KFR     Document 13     Filed 09/07/25     Page 6 of 6